NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR MUSIC, INC, <br><br> Plaintiff, <br><br> v. <br><br> ARAMINI STRUMENTI MUSICALI S.R.L., <br><br> Defendant. | Civil Case No. 13-7028 (FSH) <br><br> **OPINION & ORDER** <br><br> Date: February 7, 2014 |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and the doctrine of *forum non conveniens*.[1] (Dkt. No. 4.) The Court has reviewed the submissions of the parties and considers the motion pursuant to Federal Rule of Civil Procedure 78.

I.   **BACKGROUND**[2]

On September 23, 2013, Plaintiff DR Music, Inc. ("Plaintiff" or "DR") filed suit against Aramini Strumenti Musicali S.R.L. ("Defendant" or "Aramini") in Superior Court of New

---

[1] Aramini briefly mentioned service of process in the "procedural history" portion of its opening motion but never briefed the issue or argued for dismissal based on improper service. (*See* Dkt. No. 4-1.) Similarly, Aramini mentions service of process in its reply but failed to brief the issue. (*See* Dkt. No. 16.) Because Aramini failed to adequately brief the issue, it is waived. Moreover, Aramini may not raise new arguments in a reply. *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court.'").

[2] The following facts are taken from Plaintiff's Complaint or the Dronge Certification, unless otherwise noted.

Jersey, Law Division, Bergen County, alleging breach of an agreement for Aramini to purchase and resell a predetermined amount of musical strings per year in Italy. On November 19, 2013, Defendant removed this matter to federal court under 28 U.S.C. §§ 1332 and 1441 on the basis of diversity jurisdiction.

According to the Complaint, in January 2009, DR, a New Jersey corporation that manufactures and sells guitar and bass strings, and Aramini, an Italian limited liability entity that sells musical instruments and accessories in Italy, met at an annual music tradeshow in California. There, Roberta Aramini, a principal of Aramini, and the president of DR entered into an agreement where DR would supply, and Aramini would purchase, at least $200,000 worth of strings per year for resale in Italy by Aramini. This agreement was confirmed in writing on January 30, 2009. Between 2009 and 2012 Aramini purchased quantities of strings from DR—although in amounts less than $200,000. These offers were received by DR in New Jersey. To pay for these orders, Aramini deposited money into DR's New Jersey bank account. DR then proceeded to manufacture the strings in New Jersey. The shipments of strings were sent "FOB Emerson, NJ" and were picked up by Aramini's agent at DR's facility in Emerson, New Jersey. Fourteen of these orders between DR and Aramini occurred over a three to four year period.

## II.  PERSONAL JURISDICTION

To establish personal jurisdiction over a nonresident defendant, plaintiff must establish jurisdiction under both the forum state's long-arm statute and the Due Process Clause of the United States Constitution. New Jersey's Long Arm Statute, N.J. Ct. R. 4:4-4, permits the assertion of personal jurisdiction as far as is constitutionally permissible. *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 284 (3d Cir. 1981); *see also Pro Sports Inc. v. West*, 639 F. Supp. 2d 475, 480 (D.N.J. 2009) ("The New Jersey long-arm statute establishes New

Jersey's jurisdictional reach to be coterminous with that allowed under the U.S. Constitution, subject only to due process of law.")

A court may determine that personal jurisdiction exists when a defendant has "minimum contacts" with the forum state and if asserting jurisdiction based on those contacts comports with "fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). On a motion under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish jurisdiction. *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) ("Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction."); *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992). A court must accept as true the allegations in the complaint and resolve disputed issues of fact in favor of the plaintiff. *Carteret*, 954 F.2d at 142 n.1. However, the plaintiff cannot rely on the pleadings alone and must provide actual proofs. *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable. *Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992).

   a. **Minimum Contacts**

A court can assert either specific or general jurisdiction over a defendant. Specific jurisdiction requires the defendant have "minimum" contacts with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985). In addition, the lawsuit must "arise out of" or "relate to" these minimum contacts. *Id.* Furthermore, the defendant must have purposefully availed itself of the forum such that it "should reasonably anticipate being haled into court"

there, having invoked the benefits and protections of the forum's laws. *Id*. at 474-75. The Third Circuit has summarized this analysis in three parts: (i) "the defendant must have 'purposefully directed [its] activities' at the forum"; (ii) "the litigation must 'arise out of or relate to' at least one of those activities"; and (iii) "if the first two requirements have been met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with 'fair play and substantial justice.'" *D'Jamoos*, 566 F.3d at 102.

General jurisdiction, by contrast, requires the defendant to have "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). These contacts need not relate to the subject matter of the litigation. *Id*. at 415 n.10. However, general jurisdiction requires "a very high threshold of business activity." *Compagnie des Bauxites de Guinea v. Ins. Co. of N. America*, 651 F.2d 877, 891 n.2 (3d Cir. 1981) (finding that a "daily presence" in the forum and activities such as weekly advertising, regular solicitation of business, substantial product sales, and the maintenance of a telephone number in the forum meet the threshold); *see also Early Learning Res., LLC v. Sebel Furniture Ltd.*, Civ. No. 10-6335, 2011 WL 4593775, at *3 (D.N.J. Sept. 30, 2011). Plaintiff is required to meet a "rigorous burden of establishing that the defendant's contacts are continuous and substantial" to establish general jurisdiction. *Early Learning*, 2011 WL 4593775, at *3.

### b. Fair Play and Substantial Justice

Jurisdiction must also be reasonable. *Burger King*, 471 U.S. at 476 (finding that the assertion of jurisdiction must comport with "fair play and substantial justice"). A court must determine reasonableness by balancing the burden on the defendant, the forum's interest in adjudicating the dispute, the judicial system's interest in the efficient resolution of disputes, the

interests of the several states in furthering fundamental social policies, and the plaintiff's interest in convenient and effective relief. *Id*. at 476-77.

## III. DISCUSSION

### a. Personal Jurisdiction

In response to Defendant's motion to dismiss for lack of personal jurisdiction, Plaintiff argues that Defendant is subject to specific personal jurisdiction in New Jersey.

Based on the facts alleged in the Complaint and Plaintiff's affidavit, the Court finds that it may exercise specific personal jurisdiction over Aramini. The first step in the analysis is determining if the Defendant purposefully directed its activities at the forum state. Here, DR alleges that Aramini entered into a contract with it for the sale of musical strings. According to Plaintiff's affidavit and Complaint, Aramini communicated with DR and formally entered into a contract through emails directed at DR in New Jersey. In addition, during the existence of this contract, Aramini paid for the strings it purchased from DR by depositing money into DR's New Jersey bank account. Finally, Aramini would send its agent to pick up the purchased strings from DR in New Jersey.[3] These activities, taken as a whole, show that Aramini purposefully directed its activities at New Jersey.[4] The Defendant's conduct and connection with New Jersey

---

[3] Aramini disputes whether it has any agents that enter New Jersey. (Dkt. No. 16 at 2.) But Aramini admits that it does hire a company to pick up DR's products in New Jersey and deliver them to Aramini in Italy. (*Id*.) Moreover, a court must resolve disputed issues of fact in favor of the plaintiff on a motion to dismiss. *Carteret*, 954 F.2d at 142 n.1. Aramini may re-raise this issue should evidence gathered during jurisdictional discovery, discussed below, contradict Plaintiff's affidavit and Complaint.

[4] The exercise of personal jurisdiction requires more than mere communications with a party in New Jersey or entering into a contract with a party in New Jersey. *See Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 152 (3d Cir. 1996). But, as explained above, Aramini did more than just communicate with DR in New Jersey. Aramini made payments into a New Jersey bank and is alleged to have taken possession of the merchandise in New Jersey.

5

are such that it should have reasonably anticipated being haled into court here. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The second step of the personal jurisdiction analysis is to determine if the litigation arises out of or relates to Aramini's activities directed at New Jersey. DR's Complaint is premised on the alleged breach of a contract for the purchase of strings by Aramini. These allegations are directly related to and arise out of Aramini's activities in New Jersey.[5] The second step of the personal jurisdiction analysis is satisfied in this case.

Next, the Court must determine whether the exercise of jurisdiction is reasonable and comports with the traditional notions of fair play and substantial justice. The Court considers the burden on the defendant, the forum's interest in adjudicating the dispute, the judicial system's interest in the efficient resolution of disputes, the interests of the several states in furthering fundamental social policies, and the plaintiff's interest in convenient and effective relief. *Burger King*, 471 U.S. at 476-77. Given the state of communications technology and subject matter of this dispute, it does not appear that the burden on Defendant to litigate in New Jersey will be very heavy. It appears that the central issue in this case will be the scope and validity of the alleged contract, *i.e.*, whether there was a contract, its parameters, and whether it was breached. The evidence related to these issues will likely reside mostly in the state of New Jersey. This factor does not weigh significantly in Defendant's favor.

The next three factors—the forum's interest in adjudicating the dispute, the judicial system's interest in the efficient resolution of disputes, the interests of the several states in furthering fundamental social policies—weigh weakly in favor of Plaintiff and the exercise of

---

[5] Aramini argues that the alleged contract and relations center on conduct in Italy, but the gravamen of Plaintiff's Complaint is that Aramini breached a contract for the purchase of strings from DR in New Jersey (limited to resale in Italy), not a contract for Aramini to resell strings on DR's behalf in Italy. (Dkt. No. 1-2, ¶¶ 4-11.)

jurisdiction. New Jersey has an interest in providing clear rules and fertile ground for business. This includes clear rules on the creation and enforcement of contracts. In addition, the majority of the events related to the alleged contract occurred in New Jersey or California.

Finally, the Plaintiff's interests in convenient and effective relief also weigh in favor of the Court exercising jurisdiction. For example, DR is located in New Jersey and Aramini (or its agents) acquired the musical strings at issue in New Jersey. In addition, while one or more witnesses connected to Aramini will be in Italy, DR's employees are located within New Jersey.

After considering all of these factors, the Court finds that Defendant Aramini is subject to personal jurisdiction in New Jersey.

### b. *Forum Non Conveniens*

Defendant also argues that the Court should dismiss this case under the doctrine of *forum non conveniens*.

Under *forum non conveniens*, "[a] district court may . . . dismiss a case when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to the plaintiff's convenience. . . ." *Tech. Dev. Co., Ltd. v. Onischenko*, 174 F. App'x 117, 119-20 (3d Cir. 2006) (internal quotation marks omitted). "In ruling on a motion to dismiss based on *forum non conveniens*, a district court must address four issues: (1) the availability of an alternative forum; (2) the amount of deference to be accorded to the plaintiff's choice of forum; (3) the private interest factors; and (4) the public interest factors." *Id*.

These factors weigh in favor of denying Defendant's motion to dismiss on *forum non conveniens* grounds. The first step is to assess the availability of an alternative forum. In this case, it appears that there is an alternative forum, *i.e.*, the Italian courts. Defendant has indicated

that it is amenable to process in that forum. But in this case, there is no real concern about applying foreign law. The gravamen of the Complaint is that Defendant failed to purchase an adequate amount of product from Plaintiff in breach of an alleged contract between the parties. From the allegations in the Complaint, it appears that either New Jersey or international law would apply to the alleged contract—not Italian law.

Under the second factor, the Court finds that Plaintiff's choice of forum is entitled to significant deference. DR is a New Jersey company and many of the events surrounding the cause of action took place in New Jersey, such as the purchase and transfer of possession of the musical strings. In addition, there is no indication from the Complaint that any of the events related to the alleged contract took place in Italy, other than the fact that Defendant happens to be based there.

Finally, the public and private interests here (*e.g.*, the convenience of the parties and witnesses, New Jersey's interest in maintaining clear standards for contracts and business dealings, access to the evidence, and New Jersey's interest in applying its own law) favor retaining jurisdiction.[6] Aramini has failed to show that litigating in New Jersey would be vexatious and oppressive to it out of all proportion to DR's convenience, and its motion to dismiss under *forum non conveniens* must be denied.

c. **Jurisdictional Discovery**

In light of the disputed issues of fact discussed above, the Court will allow the parties to conduct limited jurisdictional discovery on the issue of personal jurisdiction. In the interest of justice, the Court uses its discretion to shorten the time and scope of jurisdictional discovery.

---

[6] For example, it appears that most of the witnesses will be from the United States, not Italy. It appears that the parties will have equal access to the evidence (*i.e.*, emails and invoices). And much of the disputed conduct occurred in New Jersey or in other parts of the United States. It is also notable that DR has never done any business in Italy. (Dkt. No. 11, ¶ 16.)

## IV. CONCLUSION & ORDER

For the reasons stated above,

**IT IS** on this 7th day of February, 2014,

**ORDERED** that Defendant's motions to dismiss (Dkt. No. 4) is **DENIED**; and it is further

**ORDERED** that the parties will have **90 days** from the date of this Order to conduct jurisdictional discovery; and it is further

**ORDERED** that Defendant will have the right to file a motion for summary judgment on personal jurisdiction within **30 days** after the 90 day discovery period ends; and it is further

**ORDERED** that the parties have the right to take **two depositions per side**; and it is further

**ORDERED** that the parties may request up to **30 documents per side**; and it is further

**ORDERED** that the parties may propound up to **10 interrogatories per side**; and it is further

**ORDERED** that, in the interest of justice and due to the limited scope of the jurisdictional discovery, the Court uses its discretion to shorten the time to answer the discovery discussed above:

interrogatories shall be answered within 10 days of service;

document request shall be responded to within 10 days and the documents supplied within 14 days of service;

any disputes shall be brought to the attention of the Honorable Michael A. Hammer, U.S.M.J, forthwith by a request for a telephone conference call; and

deposition notices shall be complied with on the first date noticed, with each side receiving the right to adjourn its deposition date only once, with an adjournment not to exceed one week.

   **/s/ Hon. Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.